**Carmen MITCHUSSON,
Plaintiff–Appellant,**

v.

**ONEOK, INC.; Oneok Field Services
Company, Defendants–Appellees.**

No. 06–6156.

United States Court of Appeals,
Tenth Circuit.

Aug. 23, 2007.

Mark L. Weimer, Weimer & Marchant,
Oklahoma City, OK, for Plaintiff–Appellant.

Patrick W. Cipolla, Gable & Gotwals,
Tulsa, OK, for Defendants–Appellees.

Before HENRY and ANDERSON,
Circuit Judges, and BRORBY, Senior
Circuit Judge.

### ORDER AND JUDGMENT*

WADE BRORBY, Senior Circuit Judge.

Plaintiff-appellant Carmen Mitchusson
appeals from the district court's order
granting summary judgment to defendants-appellees on her claims that they
unlawfully refused to hire her based on
her age and gender, in violation of Title
VII of the Civil Rights Act of 1964, 42
U.S.C. §§ 2000e to 2000e–17, and the Age
Discrimination in Employment Act of 1967,
29 U.S.C. §§ 621–634. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Appellant worked for Chevron–Texaco
for approximately twenty-six years, reaching the position of plant operator specialist
at the Maysville Gas Complex. When
ONEOK, Inc. took over the plant, appellant applied for one of the plant operator
positions, but she was not hired. She was
almost fifty-seven years old, which made
her the oldest individual to apply for a
plant operator position, and she was also
the only woman to apply for a plant operator position. She filed this suit, asserting
claims of age and gender discrimination.

Appellees moved for summary judgment. They conceded for the purposes of
their motion that appellant had established
a prima facie case of discrimination. They
argued, however, that she failed to produce evidence to rebut their legitimate
non-discriminatory reasons for not hiring
her, which were that she expressed wariness or concern about the number of operators per shift ONEOK planned to use,
and that she appeared to be less skilled or
confident, and appeared to require more
supervision, than the candidates selected.
The district court rejected appellant's arguments that her evidence raised a factual
question as to whether appellees' reasons
were a pretext for unlawful discrimination
and, accordingly, granted summary judgment to appellees. Appellant filed this
appeal.

"We review the grant of summary judgment de novo, applying the same legal
standard employed by the district court."
*King v. PA Consulting Group, Inc.,* 485
F.3d 577, 585 (10th Cir.2007). "Summary
judgment is appropriate only where there
is no genuine issue of material fact and the
moving party is entitled to judgment as a
matter of law." *Id.* (citing Fed.R.Civ.P.

---

* After examining the briefs and appellate record, this panel has determined unanimously
to grant the parties' request for a decision on
the briefs without oral argument. *See* Fed.
R.App. P. 34(f); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without
oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed.
R.App. P. 32.1 and 10th Cir. R. 32.1.

56(c)). "In conducting our analysis, we view all of the facts in the light most favorable to the non-movant and reasonable inferences from the record must be drawn in favor of the non-moving party." *Piercy v. Maketa,* 480 F.3d 1192, 1197 (10th Cir.2007).

Appellant argues on appeal that: (1) she presented ample evidence that ONEOK's proffered reasons for failing to hire her were false, such that a jury could reasonably find that the proffered reasons were a pretext for unlawful discrimination; and (2) she presented ample evidence that ONEOK's hiring process impermissibly relied on subjective criteria and was replete with disturbing procedural irregularities, such that a jury could reasonably find that the proffered reasons were a pretext for unlawful discrimination.

We have reviewed appellant's arguments in light of the parties' materials and the governing law. We are unpersuaded by her claims of error and affirm the grant of summary judgment for substantially the same reasons thoroughly discussed by the district court in its March 31, 2006 order.

AFFIRMED.

